UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARYANN WATKINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-32-KAC-DCP |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion Under Fed. R. Civ. P. 21 (and Rules 20 & 24(b) In the Alternative) to Add (A) Eduardo Ruben Naranjo as an Additional Plaintiff and (B) [Judge] Hernan D. Vera as an Additional Defendant Without Amending the Complaint ("Motion to Add") [Doc. 70]. Defendants responded in opposition to the motion [Doc. 77], and Plaintiffs filed a reply [Doc. 80]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.2(a). For the reasons set forth below, the Court **DENIES** the motion [**Doc. 70**].[1]

---

[1] The Court has issued a Memorandum and Order because courts have held that a motion for joinder is not a dispositive motion. *Lee v. HDR Glob. Trading Ltd.*, 347 F.R.D. 633, 635, n.2 (S.D.N.Y. 2024) ("A motion for joinder . . . is non-dispositive." (citations omitted)); *see also Hatemi v. M&T Bank Corp.*, No. 13-CV-1103S, 2015 WL 13549199, at *1 (W.D.N.Y. Mar. 5, 2015) (collecting cases); *Shultz v. Berrios*, No. 10-10486, 2011 WL 721303, at *1 (E.D. Mich. Feb. 23, 2011) (treating the magistrate judge's report and recommendation that recommended the plaintiff's motion for joinder be denied as an order because motions for joinder are non-dispositive motions). But some courts have treated Plaintiffs' alternative request, intervention, as dispositive. *Konica Minolta Bus. Sols. U.S.A., Inc. v. Lowery Corp.*, No. CV 15-11254, 2018 WL 2225360, at *1 (E.D. Mich. Apr. 23, 2018) (explaining that courts disagree on whether denying a motion to intervene is dispositive but holding it is dispositive), *report and recommendation adopted*, No. 15-11254, 2018 WL 2222199 (E.D. Mich. May 15, 2018). Here, the Court has elected to issue a Memorandum and Order because Plaintiffs' request for intervention is procedurally inappropriate for which the merits of it should be not considered at this time. To the extent, however, that

## I. BACKGROUND

On January 22, 2025, Plaintiffs commenced this action by filing an 188-page Complaint naming approximately thirty-six Defendants [Doc. 1]. According to Plaintiffs, "The main theme of this case is Judges in their official capacity took money for their decisions and were paid by the attorneys hired to protect the public entities as right on the record with blatant disregard of the law and constitution through bribery" [*Id*. at 1]. The Complaint summarizes each Plaintiff's case that was adjudicated in courts located in California and Arizona [*Id*. ¶¶ 52–88]. They allege violations of 42 U.S.C. § 1983 [*Id*. ¶ 2].

Plaintiffs seek leave to add Eduardo Ruben Naranjo ("Mr. Naranjo") as an additional plaintiff under Rules 20, Rule 21, and in the alternative, Rule 24(b) of the Federal Rules of Civil Procedure [Doc. 70 p. 2]. In addition, they request that Judge Hernan D. Vera ("Judge Vera") be joined as a defendant under Rules 20 and 21 [*Id*.]. With respect to Mr. Naranjo, Plaintiffs state that "Mr. Naranjo's proposed claims arise from the same series of transactions and course of conduct alleged by the current Plaintiffs (denials of judicial access through systematic favoritism and corruption), and numerous common questions (constitutional standards for access to courts; due process; the same pattern and actors) will recur" [*Id*. at 4]. They contend that "[b]ecause Rule 21 is available, the Court may add Mr. Naranjo without requiring an amended complaint now" [*Id*.]. In the alternative, they ask that Mr. Naranjo be allowed to intervene as the "proposed claims share common questions of law and fact with the main action and his motion is timely" [*Id*.]. In support of their request, they filed the Notice of Joinder and Adoption of Pleadings by Eduardo Ruben

---

Plaintiffs' "motion should be considered the functional equivalent of the motions specifically enumerated in 28 U.S.C. § 636(b)(1)(A), this memorandum and order may be deemed to be a report and recommendation for which the standard of review is de novo." *Sawyers v. Atlas Logistics, Inc.*, No. 3:20-CV-0393, 2020 WL 6383637, at *2 n.6 (M.D. Tenn. Oct. 30, 2020) (citations omitted); *see also* Fed. R. Civ. P. 72 (outlining when objections are due to an order and a report and recommendation).

Naranjo ("Notice of Joinder") [Doc. 70-1] and the Declaration of Eduardo Ruben Naranjo [Doc. 70-2].

In addition, Plaintiffs state that Rule 21 allows them to join Judge Vera as a defendant without filing an amended complaint [Doc. 70 pp. 4–5]. They submit that they "allege that [Judge] Vera is part of the same series of transactions and that common questions will arise concerning identical constitutional violations and alleged coordination with private actors" [*Id*. at 5]. To the extent "the Court determine[s] that personal jurisdiction or venue is improper as to [Judge] Vera while proper as to others, it retains flexibility to sever and transfer the claim(s) under 28 U.S.C. [§] 1404(a) or [§] 1631" [*Id*.].

Defendants respond in opposition to the motion [Doc. 77]. According to Defendants, "Plaintiffs' [C]omplaint contains an aggregation of unrelated claims involving adverse orders that were issued against nine [P]laintiffs in various underlying state and federal actions venued in California and Arizona" [*Id.* at 2]. They state that Plaintiffs have named "the judicial officers who presided over the underlying actions and the attorneys [who] represented the defendants in those actions" [*Id.*]. Defendants argue that "[t]he claims alleged in the [P]laintiffs' [C]omplaint do not share a common transaction or occurrence" and that they "fail to present any facts to demonstrate [Mr.] Naranjo has an interest in the litigation or that he is a proper plaintiff" [*Id.* (emphasis omitted)]. With respect to intervention, Defendants submit that "Rule 24(b) requires a timely motion by the person seeking to intervene" [*Id.* at 3]. They claim that Mr. Naranjo did not sign the motion, nor did he comply with the other requirements in Rule 24(b) [*Id.*].

With respect to Judge Vera, Defendants state that "[P]laintiffs' motion also fails to set forth any facts to demonstrate that the allegations against Judge Vera arise from the same transaction or occurrence" [*Id*. at 5].

Plaintiffs filed a reply, stating that "Defendants' opposition mischaracterizes both the governing law and the nature of Plaintiffs' claims" [Doc. 80 p. 2]. Citing to the Request for Judicial Notice [Doc. 76], they claim that this "case is about one thing: Judges accepting Bribes" [Doc. 80 p. 2 (emphasis omitted)].[2] They assert that adding "Mr. Naranjo as a [p]laintiff and Judge Vera as a [d]efendant will promote efficiency, ensure consistency, and avoid unnecessary parallel proceedings" [*Id.*]. Plaintiffs argue "that Rule 20's requirement of a 'transaction or occurrence is to be 'broadly and liberally interpreted' to allow related claims to be heard together" [*Id.* at 2 (citation omitted)]. They state that "[t]he law does not require identical facts" [*Id.* at 3]. And here, Plaintiffs submit that they "allege coordinated misconduct by judicial officers and attorneys operating within the same broader corruption scheme" [*Id.*]. Under Rule 21, Plaintiffs contend, they can add a plaintiff at any time [*Id.*]. According to Plaintiffs, "Mr. Naranjo agrees to file Notice of Joinder and Adoption of Pleadings, expressly incorporating the operative allegations" [*Id.*]. While Defendants argue that joinder is improper, Plaintiffs contend that "all Plaintiffs raise the same core constitutional questions: whether systematic judicial bribery deprived them of due process and the right to petition" [*Id.* at 4]. They argue that "variation in proof does not defeat joinder" [*Id.*]. Plaintiffs submit that "judicial economy strongly favors joinder" [*Id.* (emphasis omitted)]. As to Defendants' argument that Mr. Naranjo did not file the motion and a separate pleading, Plaintiffs state that they also moved under Rule 21 and that Rule 24 was an alternative request [*Id.*]. Further, they claim that "Mr. Naranjo filed a Notice of Joinder . . . expressly incorporating the operative complaint" [*Id.*]. Plaintiffs assert that "[p]ermissive joinder exists precisely to avoid inefficiency" [*Id.* (citation omitted)].

---

[2] The Court will issue a separate order adjudicating Plaintiffs' Request for Judicial Notice [Doc. 76].

## II. ANALYSIS

The Court finds that Plaintiffs have not shown that Mr. Naranjo should be added as a plaintiff under Rules 20(a)(1) and 21. Further, because Plaintiffs cannot represent Mr. Naranjo, and Mr. Naranjo has not signed the motion, the Court declines to consider Plaintiffs' request that Mr. Naranjo be allowed to intervene under Rule 24(b). Finally, the Court finds that Plaintiffs have not shown that joining Judge Vera as a defendant under Rules 20(a)(2) and 21 is appropriate.

### A. Mr. Naranjo

Rule 20(a)(1) governs the plaintiffs that may be joined in one action. Fed. R. Civ. P. 20(a)(1). It states:

> (1) **Plaintiffs**. Persons may join in one action as plaintiffs if:
>
> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)–(B). The Rule therefore has two requirements: "(1) their claims must be asserted 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and (2) there must be a "question of law or fact common to all plaintiffs." *Liberty Ins. Corp. v. LSP Prods. Grp., Inc.*, No. 1:20-CV-12814, 2021 WL 2024897, at *1 (E.D. Mich. May 21, 2021) (quoting Fed. R. Civ. P. 20(a)(1)). With respect to the first requirement, "the courts have inquired whether 'there is a logical relationship between the separate causes of action' that the plaintiff seeks to join in a single case." *GEICO Corp. v. Autoliv, Inc.*, 345 F. Supp. 3d 799, 813 (E.D. Mich. 2018) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012)). "The logical relationship test is satisfied if there is substantial evidentiary overlap in

5

the facts giving rise to the cause of action against each defendant." *Id.* (citation omitted)]. In other words, "the plaintiffs' claims must share an aggregate set of operative facts." *Id.* (quoting *Stojcevski v. Cnty. of Macomb*, 143 F. Supp. 3d 675, 683 (E.D. Mich. 2015)). This determination is "flexible" and "case-specific[.]" *Id.* (citation omitted). "The purpose of Rule 20(a) is to promote judicial economy and trial convenience." *Hammond-Beville v. Landis*, No. 3:20-CV-00973, 2022 WL 16950277, at *3 (M.D. Tenn. Nov. 15, 2022) (citation omitted); *see also LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969) ("The words 'transaction or occurrence' are given a broad and liberal interpretation.").

Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Rule 21 provides a mechanism for applying the joinder provisions of Rule 20." *Burke v. Kia Motors Am., Inc.*, No. 3:19-CV-229, 2020 WL 1904940, at *2 (E.D. Tenn. Apr. 17, 2020) (citation omitted). Indeed, in order to determine whether it is just to add another plaintiff, the Court must consider the standard in Rule 20. *Kunin v. Costco Wholesale Corp.*, No. 10-11456, 2011 WL 6090132, at *3 (E.D. Mich. Dec. 7, 2011) ("While Rules 15 and 21 set forth the standard for allowing a party to amend his pleadings to add or remove parties, Rule 20(a)(1) sets forth the standard to determine whether multiple persons may join in one action as plaintiffs."); *see also Goode v. City of Southaven*, No. 16-2029, 2016 WL 11607743, at *4 (W.D. Tenn. June 29, 2016) ("To determine whether the court should grant leave to amend to add a party under Rules 15 and 21, courts analyze whether the party can be joined permissively under Rule 20." (collecting cases)). Thus, "[i]f [plaintiffs] cannot meet the requirements of Rule 20(a)(1), [they] cannot show that justice requires that this Court grant [them] leave to amend to add the proposed [p]laintiff[][.]" *Kunin*, 2011 WL 6090132, at *3.

The Court finds that Plaintiffs have not met their burden in showing that Mr. Naranjo should be joined as a plaintiff under Rules 20 or 21. *See Third Degree Films, Inc. v. John Does 1-72*, No. 12-CV-14106, 2013 WL 1164024, at *6 n.6 (E.D. Mich. Mar. 18, 2013) ("[The] plaintiff bears the burden of pleading facts sufficient to show that Rule 20(a)(2)'s requirements are met."), *report and recommendation adopted*, No. 12-CV-14106, 2013 WL 4416159 (E.D. Mich. Aug. 15, 2013). As Defendants point out, "[P]laintiffs fail to present any facts to demonstrate that [Mr.] Naranjo has an interest in the litigation or that he is a proper plaintiff" [Doc. 77 p. 2 (emphasis omitted)]. While "permissive joinder is to be liberally construed[,]" *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich. 2012) (citation omitted), *report and recommendation adopted*, 286 F.R.D. 319 (E.D. Mich. 2012), Plaintiffs filed Mr. Naranjo's declaration that merely states that his "injuries arise from a series of events as alleged by the Plaintiffs, including a systematic pattern of judges in the Ninth Circuit accepting bribes and favors from large law firms and attorneys, which has resulted in the denial of access to impartial courts for litigants such as myself" [Doc. 70-2 ¶ 3]. Yet, the Court has no facts about his specific claims. Further, Plaintiffs have not addressed whether there is substantial evidentiary overlap in the facts giving rise to the cause of action. And indeed, "it appears that [Mr.] Naranjo's right to relief is contingent on the addition of Judge Vera" [Doc. 77 p. 3].

Plaintiffs have not met their burden under Rule 20(a)(1), and therefore, the Court finds that they cannot show that justice requires that the Court grant them leave to add Mr. Naranjo as a plaintiff under Rule 21. See *Kunin*, 2011 WL 6090132, at *3.[3]

---

[3] In their reply, Plaintiffs state, "[I]f this [C]ourt is requiring facts to be proven or more facts stated[,] then Plaintiffs move the [C]ourt to instruct pro[] se applicants on an amended complaint or what the [C]ourt wants proven since the case is at the allegation stage of the lawsuit only" [Doc. 80 p. 1]. The Court cannot provide Plaintiffs legal advice. *See United States v. Mullikin*, No. 505CR162, 2019 WL 2997834, at *1 (E.D. Ky. July 9, 2019) ("[T]he Court cannot provide legal advice or instruct [the defendant] on what he should file.").

In the alternative, Plaintiffs request that Mr. Naranjo be permitted to intervene under Rule 24(b). This rule provides:

> **(b) Permissive Intervention**
>
> **(1) In general.** On timely motion, the court may permit anyone to intervene who:
>
> **(A)** is given a conditional right to intervene by a federal statute; or
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b). In addition, the Rule states, "A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Sixth Circuit "take[s] a lenient approach to the requirements of Rule 24(c)[.]" *League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 580 (6th Cir. 2018) (quoting *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314 (6th Cir. 2005)).

"[I]ntervention is the requisite method for a nonparty to become a party to a lawsuit." *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (citation omitted). The Court notes that while Mr. Naranjo signed a declaration in support of the motion, Plaintiffs filed the motion and the Notice of Joinder on his behalf [*see* Docs. 70 & 70-1].[4] "[F]ederal law generally prohibits *pro se* individuals from representing other litigants." *Moore v. Warren*, No. 13-CV-11831, 2014 WL 1464404, at *2 (E.D. Mich. Apr. 15, 2014) (citing 28 U.S.C. § 1654). The Court finds it inappropriate to consider the merits of this alternative request given that Plaintiffs cannot represent

---

[4] Plaintiffs claim that Mr. Naranjo filed the Notice of Joinder [Doc. 80 p. 4]. This document appears to have been filed by Plaintiffs and does not contain Mr. Naranjo's signature [*See* Doc. 70-1].

Mr. Naranjo. *See In re OpenAI, Inc., Copyright Infringement Litig.*, No. 23-CV-11195, 2025 WL 1726973, at *1 (S.D.N.Y. June 20, 2025) (denying a motion to intervene filed by a non-lawyer on behalf of a company "on the grounds that a corporation cannot proceed *pro se* and must be represented by a lawyer"). The Court therefore denies this alternative request without prejudice.[5]

### B. Judge Vera

As noted above, Plaintiffs seek to join Judge Vera as a defendant under Rules 20(a)(2) and Rules 21. The Court has explained the standard under Rule 21 above. With respect to the former, Rule 20(a)(2) states:

> A person may be joined as a defendant in an action if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Similar to joinder under Rule 20(a)(1), "[p]ermissive joinder is circumscribed . . . by the dual requirements of a common question and transactional relatedness." *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 231 (M.D. Tenn. 2001) (citation omitted). "Courts determine whether the factual background of the claims is similar and whether there will be overlapping testimony and evidence to support the plaintiff's claims." *Goode*, No. 16-2029, 2016 WL 11607743, at *4 (citation omitted); *see also Bridgeport Music, Inc.*, 202 F.R.D. at 231 ("It requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities—a transaction or an occurrence or a series thereof." (citation omitted)).

---

[5] Even if the Court considered this request, it does not have sufficient information about Mr. Naranjo's claims to determine whether intervention is appropriate under Rule 24(b).

Plaintiffs claim that "[Judge] Vera is part of the same series of transactions and that common questions will arise concerning identical constitutional violations and alleged coordination with private actors" [Doc. 70 p. 5]. Plaintiffs' argument merely reiterates the language in Rule 20(a)(2) without any supporting facts. They have not met their burden.[6]

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion Under Fed. R. Civ. P. 21 (and Rules 20 & 24(b) In the Alternative) to Add (A) Eduardo Ruben Naranjo as an Additional Plaintiff and (B) [Judge] Hernan D. Vera as an Additional Defendant Without Amending the Complaint [**Doc. 70**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[6] Plaintiffs contend that "should the Court determine that personal jurisdiction or venue is improper as to [Judge] Vera while proper as to others, it retains flexibility to sever and transfer the claim[s] under 28 U.S.C. [§] 1404 or [§] 16331, rather than dismissing [them]" [Doc. 70 p. 5]. The Court need not address this issue.