UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARYANN WATKINS, et al.; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 3:25-CV-32-KAC-DCP |
| | ) |
| UNITED STATES OF AMERICA, et al.; | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS**

This action is before the Court on (1) the Motion to Dismiss filed by Defendants Best Best & Krieger, LLP; Christopher Moffitt; Christine Abbate; and Jeffrey Dunn [Doc. 21]; (2) "Defendants Rose C. Rosado and Zumbrunn Law Corporation's Motion to Dismiss" [Doc. 35]; (3) the Motion to Dismiss filed by the Honorable Lisa M. Rogan, the Honorable Michelle H. Gilleece, the Honorable Candice A. Garcia-Rodrigo, the Honorable Douglas K. Mann; the Superior Court of California, County of San Bernardino, erroneously sued as Probate Division, County of San Bernardino; Lindsay N. Frazier-Krane; and Cummings, McClorey, Davis & Acho [Doc. 37]; (4) the "Motion to Dismiss on Behalf of Defendant Randal P. Hannah" [Doc. 43]; and (5) "County of Los Angeles, California's Motion to Dismiss" [Doc. 52]. Because this Tennessee federal court lacks personal jurisdiction over these Moving Defendants, this Court grants their Motions in part and dismisses the claims against them without prejudice.

**I.      Factual Background**

According to the Complaint, Plaintiffs Maryann Watkins and Michael Watkins are "individual[s] in the County of Tennessee" [Doc. 1 at 7 ¶¶ 16-17]. The rest of the plaintiffs are

1

"individual[s] in the County of Arizona" or "California" [*See id.* at 7]. Plaintiffs are proceeding pro se.

"The events giving rise to this action occurred" in the "courts of California and Arizona" [*Id.* at 5 ¶ 4(a)]. Liberally construing the Complaint, in 2022 one or more Plaintiffs were litigating a probate matter in a California state court [*Id.* at 163 ¶¶ 16-17, 169 ¶¶ 51-56]. The Complaint identifies that court as the "San Bernardino Probate Division," an "administrative court in the State of California" with a California address [*Id.* at 8 ¶ 36]. In the probate matter, the court held an "Ex Parte hearing" and ultimately "ordered the seizure of Plaintiffs' property" [*Id.* at 159 ¶ 40]. Plaintiffs subsequently filed actions in federal "district court[s]" in California and/or Arizona to challenge the jurisdiction of the probate court, among other things [*See id.* at 5, 17-18, 138, 159]. Those federal district cases dismissed Plaintiffs' claims [*See id.* at 5, 15-18, 138].

At some point, Plaintiff "Watkins" "decided to build a manufactured home" in "the county of Los Angeles" to "get out from under the jurisdiction of the County" [*Id.* at 10, 16-17, 118-119]. The Complaint asserts that "Defendants worked together to extort monies and to steal the above-mentioned property" and "stop Watkins from building a house" [*Id.* at 121]. Some Plaintiffs initiated a separate lawsuit in California based on those alleged facts.

The California and Arizona litigation involved various judges. As alleged, Defendants Judge Rogan, Judge Gilleece, Judge Garcia-Rodrigo, and Judge Mann (the "Judicial Defendants") issued rulings unfavorable to Plaintiffs in California or Arizona cases [*See id.* at 135-36]. The Complaint alleges that each of the Judicial Defendants is an "individual in the State of California" and that each has an address in California [*Id.* at 8-9 ¶¶ 45-48].

The Complaint also names several attorneys and their respective law firms as defendants. Liberally construed, Defendant Frazier-Krane is an attorney who at some point "represent[ed] the

administrative probate judges" in underlying California litigation [*Id.* at 17 ¶ 77]. The Complaint alleges that she is "an individual in the State of California," [*id.* at 8 ¶ 37], who "paid off" "federal judges" and made "perjurious statements" in litigation, [*id.* at 132, 160]. Defendant Cummings, McClorey, Davis & Acho ("Cummings") appears to be the law firm that employs Defendant Frazier-Krane [*See id.* at 8 ¶¶ 37, 40]. Cummings is a "professional limited liability company" with an address in "Riverside, CA" [*See id.* at 8 ¶ 40].

Defendant Rosado is an attorney who represented parties adverse to Plaintiffs in some portion of the underlying litigation [*See id.* at 135]. The Complaint alleges that Defendant Rosado "aid[ed] her clients" "to steal from Plaintiffs" and bribed "California judges" [*See id.* at 17, 135, 160]. Defendant Rosado "is an individual in the State of California" with a California address [*Id.* at 8 ¶ 35]. Defendant Zumbrunn Law Corporation is a law firm that employs Defendant Rosado [*See id.* at 174]. It is "a corporation" with a California address [*See id.* at 8 ¶ 38].

Defendant Hannah is a lawyer "Plaintiffs retained" to represent them in some portion of the underlying litigation [*See id.* at 170-171 ¶¶ 63-64]. Defendant Hannah "is an individual in the State of California" with an address in "Upland, CA" [*Id.* at 8 ¶ 39]. Liberally construed, Plaintiffs claim that Defendant Hannah conspired with opposing counsel in the underlying litigation, contributing to unfavorable rulings Plaintiffs received [*See id.* at 160, 168-170].

The Complaint also names Best Best & Krieger, LLP; Moffitt; Abbate; and Dunn as defendants (the "BBK Defendants") [*See* Doc. 1 at 7-8]. The Complaint alleges that the BBK Defendants share the same address in "Irvine, California" [*Id.* at 7-8]. But the Complaint makes no further substantive allegations about them.

Plaintiffs appear to seek to raise a myriad of federal and state claims against the Moving Defendants [*See* Doc. 1].

3

Each of the Moving Defendants filed a Motion to Dismiss. Several Moving Defendants moved to dismiss on multiple bases, but each alleged that this Tennessee federal court lacks personal jurisdiction over it [*See* Docs. 21, 35, 37, 43, 52]. Because personal jurisdiction, if raised, is fundamental and each of the Moving Defendants has raised a lack of personal jurisdiction, the Court begins and ends its analysis there.

## II. Analysis

Plaintiffs bear the burden of establishing that the Court has personal jurisdiction "over each defendant." *Carbone v. Kaal*, 140 F.4th 805, 808 (6th Cir. 2025) (citation omitted). Where, as here, no Party has requested an evidentiary hearing and the Court "rules on written submissions alone," the law only requires Plaintiffs to make "a prima facie showing that personal jurisdiction exists." *See Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020) (cleaned up). The Court views the allegations in the Complaint "in the light most favorable" to Plaintiffs. *See Carbone*, 140 F.4th at 809 (citation omitted).

"The Fourteenth Amendment's Due Process Clause" constrains "a state court's power to exercise jurisdiction over a defendant." *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "Tennessee law extends its jurisdiction to due process's limits." *See Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019) (citations omitted). "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Malone*, 965 F.3d at 502 (quoting *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997)). Similarly, where a federal court exercises federal question jurisdiction, "personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-

4

arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003) (cleaned up). Where, as here, "the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Id.* (citation omitted). Constitutionally, for personal jurisdiction to exist, a specific Moving Defendant must have contacts with Tennessee such that maintaining a suit here is "'reasonable, in the context of our federal system'" and "'does not offend traditional notions of fair play and substantial justice.'" *See Ford Motor Co.*, 592 U.S. at 358 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)).

Personal jurisdiction may be general or specific. *See id.* at 358. "A court may assert 'general,' or 'all-purpose,' jurisdiction over a defendant in its home State, where the defendant is incorporated or headquartered." *See Canaday v. Anthem Comp., Inc.*, 9 F.4th 392, 396 (6th Cir. 2021) (citation omitted). The defendant's "relationship with the forum state" must be "so continuous and systematic as to render it essentially at home." *Carbone*, 140 F.4th at 810 (cleaned up). In contrast, "a court may exercise 'specific,' or case-based, jurisdiction over a defendant if the plaintiff's claims arise out of or relate to the defendant's forum State activities." *Canaday*, 9 F.4th at 396. Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Carbone*, 140 F.4th at 810 (cleaned up). Importantly, "the plaintiff cannot be the only link between the defendant and the forum." *See Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, the Complaint fails to plausibly allege personal jurisdiction over any Moving Defendant. Start with general jurisdiction, there are no allegations in the Complaint establishing that any Moving Defendant is "essentially at home" in Tennessee [*See* Doc. 1]. *See Carbone*, 140

5

F.4th at 810. For example, there are no allegations that a Moving Defendant resides in, is incorporated in, or is headquartered in Tennessee [*See* Doc. 1]. *See Canaday*, 9 F.4th at 396. In fact, to the extent there are related allegations in the Complaint, they point to California [*See, e.g.*, Doc. 1 at 7-9].

The Complaint similarly fails to plausibly allege specific jurisdiction as to any Moving Defendant. Take the BBK Defendants first. The Complaint does not contain any substantive allegations against them, much less any allegations that would connect any claims against them to activities they each took in Tennessee [*See* Doc. 1]. So, the Court lacks personal jurisdiction over each of the BBK Defendants.

The result is the same for the remainder of the Moving Defendants. The Complaint alleges outright that "[t]he events giving rise to this action occurred" in the "courts of California and Arizona" [Doc. 1 at 5 ¶ 4(a)]. And the alleged conduct of the Moving Defendants never got any closer to Tennessee [*See* Doc. 1]. The Complaint does not allege any activities that a Moving Defendant undertook in Tennessee or any contacts a Moving Defendant had in Tennessee that could give rise to this action [*See* Doc. 1]. *See Canaday*, 9 F.4th at 396.

Plaintiffs argue that the requisite contacts exist because some Moving Defendants "target[ed]" the alleged misconduct "at Tennessee Plaintiffs," which allegedly caused "effects" in Tennessee [*See e.g.*, Doc. 82 at 3]. That argument fails. Each of the Moving Defendants must have sufficient minimum contacts with Tennessee—the "analysis depends on the defendant's contact with the forum, 'not the defendant's contacts with persons who reside there.'" *See Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) (quoting *Walden*, 571 U.S. at 285). Each Moving Defendant must generally "purposefully avail" itself "of the privilege of conducting activities within" Tennessee. *See id.*(citation omitted). Here, Plaintiffs Watkins "are the only link

6

between" the Moving Defendants and Tennessee. *See Walden*, 571 U.S. at 285. That is not enough to establish personal jurisdiction.

Plaintiffs next argue that Federal Rule of Civil Procedure 4(k)(2) provides personal jurisdiction over each Moving Defendant because other courts which may "*actually* have" jurisdiction are "biased" [*See e.g.*, Docs. 82 at 3-4; 84 at 3]. Conceptually, Rule 4(k)(2) may serve as a basis to exercise personal jurisdiction for a claim that "arises under federal law" in the "rare" case where a defendant has "contacts with the United States as a whole, but not with any individual state." *See Lyngaas v. Curaden Ag*, 992 F.3d 412, 421-22 (6th Cir. 2021). But the exercise of personal jurisdiction must still be consistent with Constitutional due process. *See id.* at 422. So, two hurdles preclude this argument. **First**, nothing in the Complaint suggests that this is a rare case where any Moving Defendant "is not subject to jurisdiction in any state's court of general jurisdiction." *See* Fed. R. Civ. P. 4(k)(2)(A). In fact, the Complaint suggests that jurisdiction would readily extend to the Moving Defendants in California or Arizona. **Second**, even if each of the Moving Defendants were "not subject to jurisdiction in any state's court of general jurisdiction," on this record, exercising jurisdiction over any Moving Defendant in Tennessee would violate due process as analyzed above. So, this argument fails too.

### III. Conclusion

For the above reasons, the Court **GRANTS in part** each of the Moving Defendants' Motions [Docs. 21, 35, 37, 43, 52] and **DISMISSES** Plaintiffs' claims against each of the Moving Defendants **without prejudice**.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge