UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARYANN WATKINS, et al.;  )
                         )
        Plaintiffs,       )
                         )
v.                        )
                         )        3:25-CV-32-KAC-DCP
UNITED STATES OF AMERICA, et al.;  )
                         )
        Defendants.       )
                         )

## ORDER

This action is before the Court because over a year into this litigation, Plaintiffs have not properly served multiple Defendants. For the reasons below, the Court (1) **GRANTS in part** Plaintiff's "Response to Order to Show Cause and Motion for Extension of Time to Complete Service" [Doc. 117], giving Plaintiffs an additional 45 days to serve Defendants (a) the United States and (b) the thirteen federal judges; and (2) **DISMISSES** Plaintiffs' claims against Defendant Alexandria Hobson without prejudice for failure to serve.

Plaintiffs, who are proceeding pro se, filed their Complaint in January 2025 [Doc. 1]. After well-over 90 days had passed without Plaintiffs serving Defendants (1) Hobson, (2) the United States, and (3) thirteen federal judges (a) Fernando Aenlle-Rocha; (b) Daniel Bress; (c) Cormac Carney; (d) Richard Clifton; (e) Dolly Gee; (f) Wesley Hsu; (g) Steve Kim; (h) Dominic Lanza; (i) Douglas McCormick; (j) Mary Murguia; (k) Rozella Oliver; (l) Christina Snyder; and (m) Jennifer Thurston, the Court ordered Plaintiffs to show cause why the Court "should not dismiss Plaintiffs' claims" against those Defendants for failure to properly effectuate service under Federal Rule of Civil Procedure 4 [*See* Doc. 116 at 1-2]. Plaintiffs filed a Response asserting that they believed they had properly served Defendants the United States and the thirteen federal

judges, because those Defendants had made a "special appearance" in this case [Doc. 117 at 2]. And Plaintiffs ask for a "90-day extension of time to serve the United States and thirteen Federal Judges" [*See id.* at 3]. The Response does not mention Defendant Hobson; and Plaintiffs do not (1) explain why they have not served her or (2) seek an extension of time to serve her [*See* Doc. 117].

Starting with Defendants the United States and thirteen federal judges, the Court **GRANTS** Plaintiffs' motion **in part** with no opposition. *See* E.D. Tenn. L.R. 7.2. Plaintiffs seek a 90-day extension of time to serve these Defendants, but Plaintiffs have already had over a year to effect service [*See* Doc. 1]. *See* Fed. R. Civ. P. 4(m) (providing that courts must generally "extend the time for service" by an "appropriate period"); *see also id.* at R. 4(i) (providing for an extension of "reasonable time"). So, a more limited 45-day extension is both reasonable and appropriate in these circumstances. By **July 24, 2026,** Plaintiffs **MUST** properly serve (1) the United States and (2) federal judges (a) Fernando Aenlle-Rocha, (b) Daniel Bress, (c) Cormac Carney, (d) Richard Clifton, (e) Dolly Gee, (f) Wesley Hsu, (g) Steve Kim, (h) Dominic Lanza, (i) Douglas McCormick, (j) Mary Murguia, (k) Rozella Oliver; (l) Christina Snyder; and (m) Jennifer Thurston. Plaintiffs **MUST** also file proof of service on the docket by **July 24, 2026**. If Plaintiffs fail to fully comply with this Order, the Court *will involuntarily dismiss Plaintiffs' claims* against these Defendants under Rule 4(m).

Moving to Defendant Hobson, the Court dismisses Plaintiffs' claims against her without prejudice for failure to effect service under Rule 4(m). This case has been pending for over a year, and Defendant Hobson has not been served. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period

Fed. R. Civ. P. 4(m).

Here, dismissal of Plaintiffs' claims against Defendant Hobson without prejudice is appropriate under 4(m). In the Order to Show Cause, the Court put Plaintiffs on notice that they had not served Defendant Hobson as required and that they had to show cause for their failure [*See* Doc. 116 at 5]. The Court also warned that this failure could result in the "dismiss[al of] Plaintiffs' claims against Defendant Hobson" [*Id.*]. But Plaintiffs made no effort to show cause, let alone "good cause for the failure to effect service" on Defendant Hobson. *See Stewart v. Tenn. Valley Auth.*, 238 F.3d 424 (Table), 2000 WL 1785749, *1 (6th Cir. Nov. 21, 2000).

Given this failure, the Court "must either (1) dismiss the action [or claims against the affected Defendant] or (2) direct that service be effected within a specified time." *See id.* (citations omitted); *see also Henderson v. United States*, 517 U.S. 654, 662-63 (1996). The decision whether to dismiss the claims or give a date-certain to effect service rests in the "discretion" of the Court. *See Stewart*, 238 F.3d 424, 2000 WL 1785749, *1. The Court "should consider:"

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

Considering the applicable factors here, dismissal of Plaintiffs' claims against Defendant Hobson without prejudice is the appropriate remedy. Plaintiffs filed this case more than a year

3

ago.  Any extension of time would therefore be "well beyond the timely service of process." *See Oakland Physicians*, 44 F.4th at 569.  The Court specifically identified several deficiencies in Plaintiffs' purported service on Hobson as early as August 4, *2025* [*See* Doc. 67 at 3].  But by May *2026*, Plaintiffs still had not cured those deficiencies or properly served Hobson [*See* Doc. 116 at 2].  Even after the Court issued an Order to Show Cause regarding service of Hobson and warned that failure to show cause would "***result in involuntary dismissal of Plaintiffs' claims against*** . . . Hobson," [*see id.* at 5 (citations omitted)], Plaintiffs took no action to explain their failure or correct the problems.  At this point, Plaintiffs have not diligently prosecuted their claims against Defendant Hobson.  *See* E.D. Tenn. L.R. 83.13 (providing that "[i]t is the duty" of pro se parties to "prosecute or defend the action diligently").  So, Plaintiffs have not been "diligent in correcting any deficiencies."  *See Oakland Physicians*, 44 F.4th at 569.  Because Defendant Hobson has not appeared in this action, the Court cannot assess whether she is aware of the lawsuit or prejudiced by Plaintiffs' failure to serve.  *See id.*  And although Plaintiffs are pro se, the Court has fastidiously explained both Plaintiffs' service obligations and failures as they relate to Hobson [*See* Docs. 67, 116].  And their pro se status does not absolve them of the legal obligation to properly serve.  *See* E.D. Tenn. L.R. 83.13 (requiring pro se parties "to be familiar with and follow the Federal Rules of Civil Procedure and [the Local Rules]").  On balance then, the dismissal of Plaintiffs' claims against Defendant Hobson without prejudice is appropriate.  Accordingly, the Court **DISMISSES** Plaintiffs' claims against Defendant Hobson **without prejudice.**

     SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

4